UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| FELICISIMO N. MARTIN, ) | CASE NO. 4:08 CV2674 |
| ) | |
| Petitioner, ) | JUDGE PATRICIA A. GAUGHAN |
| ) | |
| v. ) | |
| ) | MEMORANDUM OF OPINION |
| ) | AND ORDER |
| J.T. SHARTLE, ) | |
| ) | |
| Respondent. ) | |

Before the court is pro se petitioner Felicisimo N. Martin's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Mr. Martin, who is currently in prison at the Elkton Federal Correctional Institution ("F.C.I. Elkton") in Lisbon, Ohio, brings this action against F.C.I. Elkton Warden J. T. Shartle. He seeks an order granting credit to his federal sentence pursuant to 18 U.S.C. § 3568.[1]

*Factual and Procedural Background*

---

[1]This statute was superceded by 18 U.S.C. §3585, which became effective "on the first day of first calendar month beginning thirty-six months after Oct. 12, 1984, applicable only to offenses committed after taking effect of sections 211 to 239 of Pub.L. 98-473." *See* 18 U.S.C. § 3585, *Effective and Applicability Provisions1984 Acts*. Since petitioner's offenses occurred before the relevant section took effect, the court will rely on repealed provision § 3568.

Mr. Martin was charged in a criminal complaint with violating D.C. Code Offense § 22-502, "assault with a deadly weapon" in Washington, D.C. on August 25, 1979. He self-surrendered to D.C. authorities two days later. On August 31, 1979, the authorities released petitioner on bond.[2]

Less than five months later, Mr. Martin was arrested in Maryland on January 15, 1980 and charged with 1st degree rape. While imprisoned at Prince George County Jail in Upper Marlboro, Maryland, the United States Marshal issued a detainer warrant to the jail, dated February 11, 1980. The warrant put the jail on notice that petitioner was facing a pending charge of "Armed w/intent to rape" in the D. C. court.

Petitioner pled guilty to the rape charge in Maryland on August 3, 1980 and was sentenced to a "Life suspended sentence with all but 60 years." (Pet. at 3.) He was immediately transferred to Maryland State Penitentiary to begin service of his state sentence.

On or about October 5, 1980, Mr. Martin was transported by writ of habeas corpus *ad prosequendum* to D. C. to face charges lodged against him in the federal detainer. He pleaded guilty to assault with intent to rape in the D.C. court on March 16, 1981. A 5 to 15 years sentence was imposed by D.C. Superior Court Judge Fred Ugast, to be served consecutively to petitioner's Maryland sentence. Petitioner was returned to Maryland on May 4, 1981 to continue service of that sentence. On December 15, 2006, the state of Maryland placed him on parole. Eights days later, he was incarcerated at F.C.I. Elkton to begin service of his consecutive D.C. sentence.

After arriving at F.C.I. Elkton, Mr. Martin began complaining he was entitled to jail

---

[2]The Criminal Complaint filed against petitioner and attached to his pleading, indicates he was arraigned before the court on August 30, 1979. Moreover, the BOP's response to his appeal indicates Mr. Martin was both arrested and released on August 27, 1979.

credit on his federal sentence. He claims that between May 27, 2007 and January 2, 2008, he fully exhausted his administrative remedies through the Bureau of Prisons (BOP). He now argues "the sentencing court erred prior to the imposition of Petitioner's DC prison term by not providing 'Jail-time' credit pursuant to DC Code § 24-431, and the governing federal statue [sic]] U.S.C. Title 18 § 3568 for presentence credits." (Pet. at 4.)   He asserts that once he was released on parole by the state of Maryland he was denied release solely because of a federal detainer.[3] This fact, he believes, entitles him to credit on his federal sentence.

*Analysis*

Mr. Martin asserts that the first period for which he earned jail credit, pursuant to 18 U.S.C. § 3568, was from the date of his arrest on August 27, 1979 until August 31, 1979, when he was released on bond. The second period allegedly began on October 5, 1980 when he was summoned by writ of habeas corpus *ad prosequendum* to appear before federal authorities in D.C. He counts from that date until the date he was transported back to state prison on May 4, 1981, as additional jail credit to which he is entitled.

It is Mr. Martin's understanding that he was exclusively in federal custody by virtue of the writ of habeas corpus *ad prosequendum*. He claims the Maryland Division of Correction's records show he was "no longer in the custody of the state authorities" after the writ was issued. Also, he claims the D.C. court docket shows he was "'committed' to the D.C. jail as of October 29, 1980. Therefore[,] on October 5, 1980, Petitioner was transferred to the DC authorities and was held in the custody of the federal government in preparation to make his appearance in the court on

---

[3]Based on the facts alleged, the court presumes petitioner is seeking credit for the dates he outlines in the petition. It is obvious that once his state sentence expired, the D.C. court intended petitioner's federal sentence to commence.

-3-

October 29, 1980." (Pet. at 6.) Finally, he asserts he was never given credit against his state prison sentence for the time he was held in D.C.

Citing *United States v. Warren*, 610 F.2d 680 (9th Cir. 1980) and *Ponzi v. Fessenden*, 258 U.S. 254 (1992), petitioner claims the D.C. court acquired "sovereign jurisdiction" because it was the first to take him into custody on August 27, 1979. As such, it allegedly acquired "priority of jurisdiction for purposes of trial, sentencing, and incarceration." (Pet. at 6.) He argues that his case compares favorably with *Brown v. Perrill*, 21 F.3d 1008 (10th Cir. 1994), wherein a prisoner was released from state prison authorities to federal authorities via writ of habeas corpus *ad prosequendum* and the court determined he was held "'in custody in connection' for purposes of § 3568." (Pet. at 8.)

*Sentence Credit*

Under repealed statute 18 U.S.C. § 3585(b), a defendant convicted of a federal crime had the right to receive credit for time spent in official detention before his sentence began, as result of an offense for which that sentence was imposed, or as result of any other charge for which he or she was arrested after commission of the offense for which the sentence was imposed, that has not been credited against another sentence. *See* Russell G. Donaldson, *When is Federal Prisoner Entitled, under 18 U.S.C.A. § 3568, to Credit for Time Spent in State Custody "in connection with" Offense or Acts for which Federal Sentence was Imposed*, 47 A.L.R. FED. 755 (1980). Generally, being held in state custody is considered "in connection with" a federal offense (for purposes of the credit on a prisoner's federal sentence for time spent in state custody "in connection with" the acts or offenses for which the federal sentence was imposed under 18 U.S.C. § 3568) if the prisoner becomes the subject of a federal detainer while in state custody, and that detainer prevents the

prisoner's release on an otherwise bailable state offense for which custody was initially imposed. *See supra*. Therefore, the issue in Mr. Martin's case is whether he was held in state custody solely because of a federal detainer.

The Sixth Circuit recognized that "[s]ection 3568 directs that a prisoner in state custody who is foreclosed from obtaining his release on bail solely because of the issuance of a federal detainer resulting from a federal offense [is entitled to] receive a credit against his federal sentence for the time of his confinement prompted by the federal detainer." *United States v. Blankenship*, 733 F.2d 433, 434 (6th Cir. 1984). Evolved legal precedent in this circuit also teaches, however, that credit against a federal sentence only attaches when the federal detainer is the exclusive reason for the prisoner's failure to obtain his release on bail. *Id.* At the time a federal detainer warrant was sent to the state of Maryland Mr. Martin was in Prince George County Jail charged with 1st degree rape. While he was successfully released earlier on bond for his assault charge in D.C., there is no allegation or inference Mr. Martin attempted or was eligible for release on bail from Maryland while rape charges were pending. Every relevant fact suggests petitioner failed to post bond as a result of the state offenses with which he was charged. Having failed to post any bond imposed by the state court on his state offenses, there is no way the federal detainer impeded or affected his release from continued confinement on the state charges.

During the administrative exhaustion process, the BOP explained to petitioner that its records showed he was arrested on August 27, 1979 and released on bond the same date. Jail credit for that one day was applied to his 5 - 15 year sentence in Maryland under the provisions of 18 U.S.C. § 3568 (as required by BOP Program Statement § 5880.32). The BOP did not, however, find petitioner was entitled to credit on his federal sentence for time he spent awaiting sentencing

in D.C. Instead, the BOP relied on the D.C. Superior Court's judgment that petitioner serve his federal sentence consecutively to his state sentence in Maryland. National Inmate Appeals Administrator Harrell Watts declined to credit Mr. Martin's federal sentence for any time he spent in D.C. awaiting sentencing because, "according to P.S. 5880.30, none of the time you spent in the primary custody of state authorities in Maryland based on state charges of Rape, is considered as time spent 'in custody in connection' with your D.C. Code offense of Assault with Intent to Rape." (Letter from Watts to Martin of 1/2/08.)

Mr. Martin's argument that he is entitled to credit on his federal sentence because he was primarily in 'federal custody' during the time he was awaiting sentencing in the D.C., is unavailing. Contrary to his reasoning, the state of Maryland did not relinquish custody of him when he was transported to Washington, D.C. As a matter of law, a federal sentence does not begin to run when a defendant is produced for prosecution in federal court pursuant to a federal writ of habeas corpus *ad prosequendum*. *See e.g. Thomas v. Brewer*, 923 F.2d 1361, 1366-67 (9th Cir.1991) (producing state prisoner under writ of habeas corpus *ad prosequendum* does not relinquish state custody). Courts recognize that a prisoner is 'borrowed' by federal authorities under a writ of habeas corpus *ad prosequendum* until a sentence is imposed. *Id.* Therefore, Mr. Martin's unexpired state sentence continued to run during the time he was awaiting sentencing in D.C. The fact that Superior Court Judge Ugast chose to impose a consecutive sentence to petitioner's state term of imprisonment cannot be set aside by an award of jail credit for the time he was awaiting sentencing, or by presuming his D.C. sentence commenced when he was physically moved from Maryland to D.C.

Unlike the petitioner in *Perrill*, Mr. Martin was not held in federal custody beyond

the date his state sentence ended. The fact he was incarcerated pending his guilty plea to federal charges was not solely because the D.C. court issued a writ of habeas corpus *ad prosequendum* to secure his appearance. Mr. Martin's state sentence was not suspended during that time, but continued to run during the length of time he was awaiting sentencing by the federal court. Once he was sentenced in D.C., Mr. Martin was returned to Maryland to complete the remainder of his state term of imprisonment. As noted above, because he already received credit for the time period in question, section 3568 prohibited the application of additional credit toward his federal sentence for the exact same period of time. *See United States v. Wilson*, 503 U.S. 329,337 (1992); *McClain v. Bureau of Prisons*, 9 F.3d 503, 505 (6th Cir. 1993). It is clear that if the BOP credited Mr. Martin's federal sentence for the time he was awaiting the imposition of his federal sentence, he would improperly receive double credit. *See id.*

When the Superior Court of the District of Columbia imposed Mr. Martin's sentence, it was within the judge's discretion to order his federal sentence to run concurrently or consecutively to his undischarged state sentence. *See* 18 U.S.C. § 3584(a). In exercising that discretion, the judge was required to consider the applicable Sentencing Guidelines and policy statements in effect at the time of the sentencing, not the provisions of § 3568. *See* 18 U.S.C. § 3553(a). This removed the matter from the BOP's authority to calculate sentencing credit pursuant to 18 U.S.C. § 3568, and focused on whether the court ordered his sentence to commence as of the date he was taken into custody under the writ. It is clear the sentencing court intended to wait for the expiration of petitioner's state sentence before the commencement of his federal sentence when it imposed a consecutive term of imprisonment for petitioner's D.C. offense.

Based on the foregoing petitioner is not entitled to sentence credit pursuant to 18

U.S.C. § 3568. Accordingly, petitioner's motion to proceed *in forma pauperis* is granted and this matter is dismissed pursuant to 28 U.S.C. § 2243. The court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

        IT IS SO ORDERED.

                              /s/Patricia A. Gaughan
                              PATRICIA A. GAUGHAN
                              UNITED STATES DISTRICT JUDGE

Date: 4/07/09